**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0046n.06

**No. 10-6098**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jan 12, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| SHARON MARIE EVANS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| SIR PIZZA OF KENTUCKY, INC., et al., | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |

Before: BOGGS, ROGERS and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. On the evening of Feburary 12, 2008, Sharon Evans ordered a pizza and salad from Sir Pizza, a restaurant in Lexington that pledges on its website to deliver food "fast as the law allows." What caught the attention of the police was not the speed of the delivery, but odors emanating from Evans's home, which smelled like the kinds of chemicals used in a meth lab. All of this set off a bizarre chain of events that led to her arrest, trial and acquittal on a charge of harassing a police officer. Evans sued Sir Pizza, its deliveryman, various local officials and the Lexington–Fayette Urban County Government on a dozen or so legal theories. The district court granted summary judgment to all defendants on the ground that the lawsuit lacked merit. On appeal, Evans has filed briefs that, despite going on for nearly 150 pages, fail to give any cogent explanation of what the district court got wrong. We affirm.

I.

After Evans phoned in her order, deliveryman Brian Taylor brought it to her house. While making the delivery, he noticed a strong chemical odor coming from inside. Taylor thought the odor could be a byproduct of a meth lab, which worried him because he thought it might show up on a drug test he had to take. Later that night, he voiced his concern to Lexington Police Officer Dawn Dunn, when he ran into her at a gas station. Dunn, along with her colleagues Raymond Terry and Noel Warren, investigated. They determined that Evans had an outstanding arrest warrant for contempt of family court, then went to her house to serve her with the warrant and to investigate possible drug activity. When they got there, they too smelled a strong chemical odor, which Evans told them was a combination of Pine-Sol and bleach used to clean the house earlier in the day. The officers claim that Evans tried to close the door on them and physically harassed Officer Terry. They arrested her on the outstanding warrant and for harassment, but after searching the house (with Evans's consent) they decided there was insufficient evidence to charge her with any other offense. The government prosecuted Evans on the harassment charge, but a jury acquitted her.

Evans filed this lawsuit against Taylor, Sir Pizza, the officers and the city/county government on a bevy of grounds: violations of 42 U.S.C. § 1983; criminal conspiracy to violate her civil rights, *see* 18 U.S.C. § 241; criminal trespassing and assault; slander, libel and defamation of character; invasion of privacy; a RICO violation; municipal and corporate liability for failure to train and negligent hiring and retention; false arrest and false imprisonment; intentional infliction of emotional distress; malicious prosecution; and negligence. The district court granted summary judgment to all

defendants on all claims. It reasoned that Evans had failed to produce any evidence that the county government had a policy or custom of insufficient training or negligent hiring; that the supervising officers were not involved in the incident in question; that Evans's arrest was lawful because it was made in connection with a valid arrest warrant; that the officers had not used excessive force in arresting her; that the criminal statutes under which Evans sought to bring claims do not provide for civil liability; that RICO is inapplicable; that Taylor and Sir Pizza were not acting under color of state law for the purposes of § 1983; and that Evans had failed to produce sufficient evidence to create an issue of material fact on any of her other state-law claims.

## II.

Totaling 145 pages in length, Evans's appellate papers are not brief. What is brief are the seven pages she devotes to trying to explain the relief she seeks from this court. Acting through counsel, she purports to raise five issues on appeal, but all of them fall into one of two categories (and sometimes both of them): they lack sufficient coherence and specificity to warrant our consideration or they are meritless.

*First*, and emblematic of everything that follows, Evans says that "[e]ach Order of the [District] Court . . . constitutes a clearly erroneous, arbitrary and capricious abuse of discretion that denies Evans equal protection of the law, and due process, meaningful access to the Court, and adequate assistance of counsel . . . in contravention of Amendments 1, 4, 5, 7, 9, and 14 to the U.S. Constitution." Br. at 42. Evans does not attempt to explain how a district court order could violate

any of those amendments, let alone all six of them. Because "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived," we decline to address this claim (or perhaps claims). *United States v. Sandridge*, 385 F.3d 1032, 1035 (6th Cir. 2004).

*Second*, Evans says that the district court should not have granted summary judgment on her claims because "more than 34 genuine issues of material fact[ ] appear affirmatively of record." Br. at 43. But Evans does not tell us what those issues of fact are, or which of her thirteen claims they relate to. To survive summary judgment, a party must "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *see also* Fed. R. Civ. P. 56(c). Evans did not do that before the district court and has not done so on appeal. To the extent that she attempts to offer examples of disputed material facts in her reply brief and in pleadings before the district court, she still fails to link these facts to any of her claims.

*Third*, Evans says that the district court erred in denying her serial motions to compel discovery. We review denials of motions to compel discovery for an abuse of discretion. *United States v. One Tract of Real Property Together with All Buildings, Improvements, Appurtenances, and Fixtures Situated in District Three of Monroe County, Tenn.*, 95 F.3d 422, 426 (6th Cir. 1996). Evans does not explain why it was an abuse of discretion for the district court to deny her motions, nor does she tell us what information she could have gleaned from discovery that would have created a genuine issue of material fact on any of her claims. No error occurred.

*Fourth*, Evans says that the district court "erred in misapplying state and federal statutes and civil rules." Br. at 45. But she does not provide any specifics other than her complaints about discovery, discussed above, and other docket-management decisions the district court made, such as its scheduling orders. Evans does not explain why these decisions were an abuse of discretion, or for that matter how any of them prejudiced her. We decline to address this argument as a result. *See Sandridge*, 385 F.3d at 1035.

*Fifth*, Evans says that the district court erred in denying her motion to disqualify opposing counsel. Evans argues that the same attorney should not have represented Taylor and Sir Pizza due to an alleged conflict of interest. We perceive no such conflict, nor do we see any basis for disqualifying any of the other attorneys in the case. The district court properly denied her motions.

III.

For these reasons, we affirm.